FRED W. JONES, Jr., Judge.
After settling a suit for damages against the tortfeasor and his insurer, plaintiff proceeded to trial against his uninsured motorist insurer for additional damages. The jury returned a verdict denying plaintiff recovery against the defendant. Plaintiff’s motion for judgment notwithstanding the verdict was denied by the trial judge. Plaintiff appealed the judgment rendered pursuant to the jury verdict. For the reasons hereinafter explained, we affirm.
On May 26, 1982 the vehicle driven by plaintiff, Eric Davis, in Shreveport was struck from the rear by a car operated by the minor son of William Kyzar. Davis’ automobile sustained moderate damage while the damage to the Kyzar car was described as light. Davis complained to the investigating officer that his neck hurt.
Davis sued the Kyzars and their insurer and plaintiff’s uninsured motorist carrier, State Farm Mutual Automobile Insurance Company. Settlement was effected with the Kyzars and their insurer for their policy limit of $10,000, with a reservation of rights as to State Farm. At the trial plaintiff claimed that, as a result of the accident, he suffered from traumatic fibrositis. The parties stipulated to the fajult of the driver of the Kyzar vehicle.
Plaintiff saw his family physician, Dr. Johnson, on the day of the accident and was diagnosed as having a mild cervical strain. On May 28, 1982 an orthopedic surgeon, Dr. Burt, examined plaintiff and also diagnosed a mild cervical strain. Plaintiff returned to Dr. Burt in June 1982 with the same complaints. Dr. Burt stated that he looked for signs of fibrositis (a tense muscular condition caused by trauma or stress or a combination thereof), but found none. He advised plaintiff to return if his symptoms persisted, but never saw him again.
Because plaintiff tested positive for rheumatoid arthritis when examined by Dr. Johnson on the day of the accident, he was referred to Dr. Broadwell, an expert in rheumatology, who saw him on July 2, 1982. Dr. Broadwell began treating plaintiff thereafter on a regular basis, making a *1265 diagnosis of traumatic fibrositis several months after the initial visit. Dr. Broad-well testified that while plaintiffs problem was real and not purely emotional, it did have an emotional component. It was his opinion that the accident either caused or precipitated the fibrositis afflicting plaintiff. He said that the condition would be permanent and that plaintiff would experience fluctuating levels of pain with a moderate range of discomfort.
On July 30, 1982 plaintiff was examined by Dr. Bicknell, an orthopedic surgeon, whose diagnosis was a mild strain of the neck and upper back muscles. Dr. Bicknell concluded that plaintiff was progressing fairly well and would continue to improve with conservative treatment. This physician stated he was familiar with fibrositis but did not detect this condition.
Plaintiff was seen on June 19, 1984 by Dr. Wolf, an expert in rheumatology, who made a diagnosis of traumatic fibrositis, resulting from the accident of May 26, 1982. Dr. Wolf found a loss of normal curve of the spine caused by muscle spasms secondary to fibrositis. It was explained that the condition could be caused by a minor injury; that the odds were in favor of the condition continuing permanently; and that plaintiff would probably suffer moderate pain the rest of his life.
Psychiatric examinations were made on brief encounters with plaintiff, including biofeedback sessions. From these it was indicated that plaintiffs condition was not totally psychogenic, but that psychological factors were exacerbating his condition and retarding recovery.
Plaintiff related that he was enrolled in summer school at Louisiana Tech following the accident and graduated shortly thereafter. He was employed as a teacher by the Caddo Parish School Board and continued this work until June 1983. Plaintiff enrolled in the Louisiana Tech graduate program at Barksdale in the fall of 1982, attending classes at night.
Plaintiff went to work for Shreveport Refrigeration in August 1983 and was laid off in January 1984. He was married in January 1984. Plaintiff went to work for Eckard Drugs, averaging 50 hours per week. During this time plaintiff applied for employment with AT & T. In the employment application he did not list fibrosi-tis as a health problem. Plaintiff worked for AT & T from November 1984 to November 1985.
In résumés prepared while looking for employment plaintiff described his health as “excellent” rather than “good”, “fair” or “poor”.
Plaintiff testified extensively about his numerous stresses — school at night, a problem marriage, unsatisfactory working conditions. He admitted to failure to take his prescribed medication and not following recommended exercises.
Plaintiff contends the jury abused its discretion in failing to award him a sum in excess of that previously received in the settlement and that the trial judge erred in denying the motion for judgment notwithstanding the jury verdict.
While the jury had no specific finding on the subject of fibrositis, the implication of its verdict is a conclusion that plaintiff had been adequately compensated (in the settlement for $10,000) for his condition resulting from the 1982 accident. The question here is whether the jury abused its discretion in refusing to make an additional award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Under the circumstances, in view of the medical evidence concerning the varying degrees of discomfort associated with fibrositis and plaintiffs testimony concerning his activities since the accident, we cannot say that the jury abused its discretion.
For the same reasons we find no error on the part of the trial judge in denying the motion for judgment notwithstanding the jury verdict, which is appropriate only when the evidence points so strongly in favor of the moving party that reasonable men could not arrive at a contrary decision on the facts at issue. Pelle- *1266 rin v. Tudor Construction Co., 479 So.2d 498 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1023 (La.1986).
For these reasons, the judgment of the trial court is AFFIRMED, at plaintiffs cost.